United States District Court
Southern District of Texas
ENTERED
JUN 26 2006
Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE GUADALUPE REYES,
JOSELYN REYES, NOE REYES,
HECTOR MARTINEZ, SR.,
GUADALUPE MARTINEZ, RUBI
MARTINEZ, and HECTOR
MARTINEZ, JR., §
 §
Plaintiffs, §
 §
v. § CIVIL ACTION NO. B-05-191
 §
RED GOLD, INC., §
 §
Defendant. §

## OPINION & ORDER

BE IT REMEMBERED that on June 26, 2006, the Court **GRANTED** the Plaintiffs' Unopposed Motion to Extend Deadlines. Dkt. No. 23.

An extension of the discovery and dispositive motions deadlines constitutes a modification of the Court's scheduling order. Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b) (2005).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking

amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  Absence of prejudice to the non-moving party is not sufficient to establish good cause.  See Alton Crain, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005).  Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In this case, the parties request an amendment to the discovery and dispositive motions deadlines because "they believe that discovery cannot be completed by the July 13, 2006 deadline."  Dkt. No. 23, at 1–2.  Plaintiffs state that the parties have been engaging in discovery, but a discovery dispute has arisen regarding the Defendant's responses to Plaintiffs' written discovery requests.  This dispute, which the parties are "working to resolve . . . without court intervention," forms the basis of the parties' belief that discovery will not be completed by the deadline.  Id. at 1.

The Court finds that the parties have been diligent in their efforts to conduct discovery.  The parties have been engaging in discovery and have been working to resolve their dispute.  Id.  Because of the dispute, however, they are unable, despite their diligence, to meet the current deadline.  Therefore, the Court concludes that there is good cause for the requested modification.

Based on the foregoing, the Court **GRANTS** Plaintiffs' Unopposed Motion to Extend Deadlines.  Dkt. No. 23.  An amended scheduling order will be issued separately from this Opinion & Order.

DONE at Brownsville, Texas, this 26th day of June, 2006.

_____
Hilda G. Tagle
United States District Judge

-2-