IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE GUADALUPE REYES, JOSELYN REYES, NOE REYES, HECTOR MARTINEZ, SR., GUADALUPE MARTINEZ, RUBI MARTINEZ, and HECTOR MARTINEZ, JR., <br><br> Plaintiffs, <br><br> v. <br><br> RED GOLD, INC., <br><br> Defendant. | § § § § § § § § § § § CIVIL ACTION NO. B-05-191 |

United States District Court
Southern District of Texas
ENTERED
AUG 2 3 2006
Michael N. Milby, Clerk of Court
By Deputy Clerk

## OPINION & ORDER

BE IT REMEMBERED that on August 22, 2006, the Court **DENIED** the Defendant's Agreed Motion for Mediation and to Extend Deadlines. Dkt. No. 28.

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, No. 3-04-CV-2125-M, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. August 16, 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 424 F.3d 542, 553 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Absence of prejudice to the non-moving party is not sufficient to

establish good cause. *See Alton Crain*, 2005 U.S. Dist. LEXIS at *4; *Jones v. J.C. Penney's Dep't Stores, Inc.*, No. 03-CV-920A(F), 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. May 31, 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline. Furthermore, "considerations of judicial economy and the client's interest in avoiding expenses for potentially unnecessary motion practice" do not constitute good cause for extending pre-trial deadlines. *Jones*, 2005 U.S. Dist. LEXIS at *4, *5.

In this case, the parties appear to present two possible bases for amending the scheduling order in this case. First, the parties assert that the purpose of their request, providing them the opportunity to pursue mediation, provides grounds for amending the scheduling order. Dkt. No. 28, at 2. The parties further assert that it allowing additional time to pursue mediation would save their clients money and serve judicial economy. *Id.* Second, the parties contend that they have agreed to amend the scheduling order. *Id.* The Court finds that neither possible basis establishes the requisite good cause.

The parties first assert that they need additional time to engage in mediation which "would afford [them] an opportunity to mutually resolve the issues" and that "it would be in the best interest of the parties and judicial economy that mediation be undertaken." *Id.* Both of these arguments focus on one consideration — the expenses which would be avoided if the Court extends the deadlines. *See id.* at 1–2 (discussing the "significant attorney's fees, deposition expenses, and travel expenses" which will be incurred if the parties must proceed with discovery). The parties specifically state that they desire an extension because they wish to engage in mediation "prior to the spending of the money and time necessary to complete this next phase of discovery." *Id.* at 2. Unfortunately, the possibility of settlement does not provide a basis for amending a scheduling order.[1] *See Jones*, 2005 U.S. Dist. LEXIS at *4, *5.

---

[1] The Court notes that the parties do not represent any belief that the case would actually settle if additional time was granted to engage in mediation. The parties appear to believe that some issues may be settled, given their representation that an extension would result in a "more productive use of the parties time and assets, and allow more economical use of the Court's time." *Id.*

-2-

Furthermore, considerations of judicial economy and clients' interests in avoiding expenses do not amount to good cause. *Id.* Thus, this Court finds that the possibility that the parties might resolve some of the issues and decreased costs to the parties do not provide a basis for granting the parties' motion.

Second, the parties appear to rely on the fact that they have agreed to this extension as a grounds for granting the motion. Dkt. No. 28, at 2. Stipulations between the parties, however, do not provide a basis for amending a scheduling order. *See Parisi*, 164 F.R.D. at 621. Additionally, as noted above, the absence of prejudice to the non-moving party is not sufficient to establish good cause. *See Alton Crain*, 2005 U.S. Dist. LEXIS at *4; *Jones*, 2005 U.S. Dist. LEXIS at *4. Thus, this basis also does not establish good cause, and it therefore cannot provide this Court with authority to grant the motion.

Finally, the Court can locate no evidence upon which to base a finding that the parties have been diligent in their litigation of this matter. The parties submitted their Joint Discovery/Case Management Plan ("JDCMP") on October 14, 2005. Dkt. No. 13. At that time, the parties represented to the Court that all depositions would be completed by "no later than May 13, 2006" and that "all discovery can be completed by no later than July 13, 2006." *Id.* at 3, 4, 5. The parties also stated that they were already engaging in settlement negotiations at that time. *Id.* at 5. Based on the JDCMP, the Court issued a Scheduling Order on October 21, 2005. Dkt. No. 14. The deadline for discovery was July 13, 2006, the dispositive motion deadline was July 20, 2006, the joint pretrial order was due October 17, 2006, docket call was October 31, 2006, and jury selection was set for November 6, 2006. *Id.* On June 21, 2006, the Plaintiffs filed an unopposed motion for an extension of the deadlines. Dkt. No. 23. Based on the representations in that motion, the Court found good cause for the request, granted the motion, and extended the deadlines for approximately 60 days. Dkt. No. 24. Thus, an Amended Scheduling Order was issued on July 10, 2006, setting the discovery deadline for September 13, 2006. Dkt. No. 25.

The parties now seek to extend the deadlines a second time. However, the Court finds it significant that the parties do not represent that they are *unable* to meet

-3-

the currently scheduled deadlines. Rather, the parties specifically assert that it would be economically beneficial to the parties to fail to meet the deadlines. Dkt. No. 28, at 1–2. (expressing the parties' "agreement that prior to the spending of the money and time necessary to complete this next phase of discovery, it would be in the best interest of the parties . . . " and stating that an extension would permit a "more productive use of the parties time and assets"). The motion *sub judice*, in contrast to the previous motion for an amendment to the scheduling order, makes clear the parties belief that they *could* meet the current deadlines, but that they would *prefer* not to be required to meet them. The Court sympathizes with the parties and acknowledges the expenses which may be incurred during litigation, and during discovery in particular. The Court also seeks to encourage the use of alternative dispute resolution such as mediation. Nonetheless, a scheduling order may not be amended without good cause, which requires diligence by the parties. FED. R. CIV. P. 16(b). Thus, the Court finds that there is no good cause for extension of the current deadlines, and the motion must be denied.

Based on the foregoing, the Court **DENIES** the Defendant's Agreed Motion for Mediation and to Extend Deadlines. Dkt. No. 28.

DONE at Brownsville, Texas, this 22th day of August, 2006.

_____
Hilda G. Tagle
United States District Judge