IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 2 5 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JOSE GUADALUPE REYES, JOSELYN REYES, NOE REYES, HECTOR MARTINEZ, SR., GUADALUPE MARTINEZ, RUBI MARTINEZ, and HECTOR MARTINEZ, JR., | § § § § |
| Plaintiffs, | § § |
| v. | § § CIVIL ACTION NO. B-05-191 § |
| RED GOLD, INC., | § § |
| Defendant. | § |

## OPINION & ORDER

BE IT REMEMBERED that on September _25_, 2006, the Court **GRANTED IN PART AND DENIED IN PART** Plaintiffs' Opposed Motion to Compel Discovery. Dkt. No. 26.

As a preliminary matter, the Court notes that Defendant failed to respond to Plaintiffs' motion. The motion was filed on August 7, 2006; therefore, the response deadline was August 28, 2006. *Id.*; CHAMBER RULE 5(D). Defendant's failure to file a response by the deadline "will be taken as a representation of no opposition." LOCAL RULE 7.4. Thus, although the motion is styled as an opposed motion, the Court deems the motion to be unopposed.

## I.    Background

Plaintiffs move the Court to compel Defendant to respond to a number of requests for production of documents. Dkt. No. 26, at 1. In its responses to the requests for production, Defendant has proffered a number of general objections, such

-1-

as responding that the objection "is vague, general, and overly broad." *Id.*, Ex. B, at 3–13.  Defendant also frequently refers Plaintiffs to Defendant's initial disclosures as its response.  *Id.*  Plaintiffs contend that these responses are insufficient, and they seek to have the Court order Defendant to produce the requested documents, to identify which documents already produced are responsive to each particular question, to unequivocally state for which requests there are no further responsive documents, and to provide specific objections if Defendant believes that it is not required to comply with a request.  Dkt. No. 26, at 8–9.

The deadline for discovery in this case was September 13, 2006 — a date which has already passed.  Dkt. No. 25.  Nonetheless, the parties unsuccessfully attempted to resolve their discovery disputes without Court involvement and, as a result, this motion to compel is still pending.  *See* Dkt. No. 26, at 2; *Id.*, Exs. D, E, F, G.  In fact, it appears from the record that these requests for production were first promulgated on January 24, 2006, and, according to the Plaintiffs, Defendant still has not adequately responded to them.  *Id.*, Ex. A.  Thus, the Court must now evaluate each of the requests for production and the corresponding responses.

## II.    Standard

Requests for production are governed by Federal Rule of Civil Procedure 34. Under Rule 34, a party who requests production of a document must "set forth . . . the items to be inspected and describe each with reasonable particularity."  FED. R. CIV. P. 34(b).  This description also serves a second function, that of establishing the relevance of the requested items to the case.[1]  *See* Benbow v. Aspen Tech., Inc., No. Civ.A. 02-2881, 2003 WL 22326516, *5 (E.D. La. Oct. 8, 2003); Schaap v. Exec. Indus., Inc., 130 F.R.D. 384, 389 (N.D. Ill. 1990); Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 297 (E.D. Pa. 1980).

Once the requesting party has tendered the request, the responding party must

---

[1]The requested items need only meet a minimal level of relevancy.  In fact, the items need not be admissible at trial, so long as they are reasonably calculated to lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).

-2-

allow the requesting party to copy the requested documents, provide a copy of the requested documents to the requesting party, or object to specific items or categories of items and provide the reasons for the objection. FED. R. CIV. P. 34(b).  If the responding party objects, it "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" Harding v. Dana Transport, Inc., 914 F.Supp. 1084, 1102 (D.N.J. 1996); see McCall v. Lockheed Martin Corp., Civil Action No. 4:04CV122LR, 2006 WL 1751796, *1 (S.D. Miss. June 20, 2006); McCall v. Lockheed Martin Corp., Civil Action No. 4:04CV122LS, *1 (S.D. Miss. June 19, 2006); Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 530 (E.D. Pa. 1999); Schaap, 130 F.R.D. at 387; Roesberg, 85 F.R.D. at 296–97. Objections must explain why the interrogatories are improper, by explaining how each request is not relevant or is overly broad, vague, or unduly burdensome. See Benbow, 2003 WL 22326516, at *6; Schaap, 130 F.R.D. at 387; Roesberg, 85 F.R.D. at 296–97.  Courts have no duty to sift through the interrogatories to determine whether or not each one would provide a useful response. See Schaap, 130 F.R.D. at 388; Roesberg, 85 F.R.D. at 297.  Furthermore, the fact that the responding party will spend a significant amount of time, effort, or expense answering the requests is an insufficient ground for objecting to them.  See Roesberg, 85 F.R.D. at 297.  Finally, "[g]eneral objections without specific support may result in waiver of the objections." Id.; see Harding, 914 F.Supp. at 1102.

## III.    Analysis

Plaintiffs request that the Court order Defendant to supplement its responses to Requests for Production 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 19, 24, 25, 26, 27, 28, 31, 32, 38, 39, 40, 42, 43, 44, 46, and 47. Dkt. No. 26, at 3.  The Court will therefore consider each of these requests below.

### Requests for Production 1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 28, 32

For these requests, Plaintiffs ask the Defendant to produce documents which are

facially relevant to the case.  Dkt. No. 26, Ex. A.  Defendant responds to each request with one of two very similar statements: "Defendant objects to this Request in that it is vague, general, and overly broad.  Without waiving said objections, see the documents produced with Defendant's initial disclosures;" or "Defendant objects to this Request in that it is vague, general, and overly broad.  Without waiving said objections, see the documents produced with Defendant's initial disclosures and Exhibit 'A' attached hereto."  Dkt. No. 26, Ex. B.  Defendant offers no further explanation or identification of the documents to which it refers.

These responses, which Defendant proffers for each of these requests, are insufficient.  Defendant fails to explain how the requests are objectionable or to provide any specific support for the objections.  Furthermore, even the references to the documents produced with the initial disclosures and to Exhibit "A" are insufficient, as Defendant must specify which documents are responsive to each individual request for production.  McCall v. Lockheed Martin Corp., Civil Action No. 4:04CV122LR, 2006 WL 1751796, *1 (S.D. Miss. June 20, 2006); Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Resource, Inc., No. Civ.A. 03-1496, 2004 WL 595236, *7 (E.D. La. March 23, 2004).  Therefore, the Court will order the Defendant to provide a complete response to each of these requests for production.

### Requests for Production 2, 5, 16

Plaintiffs' second request for production asks the Defendant to "produce all correspondence, written statements, notes of conversations, memoranda, and/or other documents evidencing oral or written communications between you and each Plaintiff, from 2002 to the present."  Dkt. No. 26, Ex. A, at 5.  Plaintiffs' fifth request seeks "all documents written or signed by each Plaintiff."  Id. at 6.  Plaintiffs' request for production number 16 states: "Please produce all correspondence, written statements, notes of conversations, memoranda and/or other documents relating to Pedro Cardoza from 2001 to the present."  Id. at 7.

These requests are overly broad on their faces.  See Sarmiento v. Armour, No. C.A. C-05-008, 2006 WL 539459, *1 (S.D. Tex. March 3, 2006); Freeport McMoran

-4-

*Sulphur, LLC,* 2004 WL 595236, at *5; *Benbow,* 2003 WL 22326516, at *4; *Schaap,* 130 F.R.D. at 389. Additionally, Plaintiffs fail to provide sufficient specificity in their requests to establish the relevance of the requested documentation. *See Benbow,* 2003 WL 22326516, at *5. Therefore, Plaintiffs' motion will be denied insofar as it pertains to these requests.

### Requests for Production 13, 14

In these requests, Plaintiffs seek information related to Defendant's employment of Pedro Cardoza. Dkt. No. 26, Ex. A, at 7. In response, "Defendant objects to [these] Request[s] in that [they are] vague, general, overly broad, and overly burdensome. Defendant further objects to the request for the personnel file of Pedro Cardoza in that it violates his constitutional right to privacy and HIIPA. Without waiving said objections, see Exhibit 'B' attached hereto." *Id.,* Ex. B, at 5–6.

Defendant's response can be broken down into three parts. First, Defendant's initial bases for objecting, that the requests are vague, general, overly broad, and overly burdensome, fail for a lack of specificity, as Defendant provides no support for these general conclusions. Second, Defendant objects based on a violation of Pedro Cardoza's privacy rights. This objection is overruled. "Defendant has not identified any . . . consequences of its disclosure of this information," and no negative consequences are facially apparent from the request. Choate v. State Farm Lloyds, Civ. A. No. 3:03-CV-2111-M, 2005 U.S. Dist. LEXIS 8123, *10 (N.D. Tex. May 5, 2005). However, Defendant's third objection, based on HIIPA, is meritorious. Therefore, Defendant will be ordered to produce the requested documentation, except that any information protected by HIIPA must be redacted.

### Request for Production 19

Request for Production 19 seeks facially relevant documentation, to which Defendant merely responds "[s]ee Exhibit'C' [sic] attached hereto." Dkt. No. 26, Ex. A, at 7–8; *Id.,* Ex. B, at 7. This response is insufficient. Defendant does not specifically identify which documents, if any, are responsive. *See Freeport McMoran Sulphur, LLC,*

2004 WL 595236, at *7. Defendant will be ordered to provide a more specific response to this request.

### Requests for Production 24, 25, 26, 27, 39, 43, 44, 46, 47

Plaintiffs also seek facially relevant information in these requests. Dkt. No. 26, Ex. A, at 8–11. Defendant responds in a similar manner as it did to requests 1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 28, and 32: "Defendant objects to this Request in that it is vague, general, overly broad, and overly burdensome. Without waiving said objection, see Exhibit 'D.'"[2] *Id.*, Ex. B. For the same reasons as those stated above, this response is insufficient. *See supra* p.4. The Court will order Defendant to comply with these requests.

### Request for Production 31

Plaintiffs' request for production 31 seeks "all documents showing the identity of any and all individuals housed with Plaintiffs at any time during their period of employment in 2003 and 2004." Dkt. No. 26, Ex. A, at 9. Defendant responds by objecting that the request "is vague, general, overly broad, and overly burdensome" and that "it violates the constitutional rights of privacy of third-parties who are not parties to this action." *Id.*, Ex. B, at 9.

When privacy claims are asserted, the Court must balance the need for the information against the privacy interests sought to be protected. *Choate*, 2005 U.S. Dist. LEXIS 8123, at *9 (citations omitted). In this case, the information and documentation sought is facially relevant to Plaintiffs' claims. Furthermore, disclosure of the identities of any person who lived in the same housing as Plaintiffs during the period of time in question would not be unduly burdensome to the third parties. The mere fact that persons worked for the Defendant at the same facilities as the Plaintiffs in either 2003 or 2004 is not "sufficiently private" to prevent compliance with the request

---

[2]For requests 27, 43, and 44, Defendant refers Plaintiffs to Exhibit "E." Dkt. No. 26, Ex. B, at 8, 12. For requests 39, 46, and 47, the reference is to Exhibit "F." *Id.*, Ex. B, at 11, 12, 13.

for production.  Other information contained in that same documentation, however, could be "sufficiently private so that a reasonable individual would not want it publicly disclosed."  *Id.*  Additionally, Plaintiffs have agreed to narrow their request to seek "only documents showing the identity of workers who shared toilet and/or shower facilities with the Reyes Plaintiffs in 2004."  Dkt. No. 26, at 6.  Therefore, the Court will order the Defendant to provide the documentation requested, after redacting all private information regarding third persons from that documentation, except for names and contact information.

### Request for Production 38

Request for Production 38 seeks "all documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, and/or that state the substance of the facts and opinions to which the expert is expected to testify and/or grounds of each opinion."  *Id.*, Ex. A, at 10.  This request, however, is repetitive of the requirements contained in the scheduling order in this case.  *See* Dkt. No. 25.  The information and documentation sought in this request must already be produced under the schedule set forth in the scheduling order.  *Id.*  Therefore, this request is repetitive and will be denied.

### Request for Production 40

Request 40 states: "Pease [sic] produce all documents describing Red Gold, Inc.'s safety policies and/or rules."  Dkt. No. 26, Ex. A, at 10.  Defendant has yet to address this request.  *Id.*, Ex. B, at 11.  In fact, it appears that Defendant accidentally overlooked this request when providing its responses.  *Id.*  Defendant will be required to comply with this request.

### Request for Production 42

Finally, Plaintiffs seek "all documents relating to end of season bonus payments made to individual employees during the 2003 and 2004 packing seasons.  This

-7-

includes check stubs, canceled checks, wage statements, itemized pay statements and/or any other document showing the basis on which the end of season bonus was paid." *Id.*, Ex. A, at 10.  This request is facially relevant to Plaintiffs' claims. Nonetheless, this request is redundant of the documentation and information sought in requests for production 3 and 10.[3]  *Id.*, Ex. A, at 5, 6.  Therefore, Defendant will not be required to respond to this request.

## IV.    Conclusion

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Opposed Motion to Compel Discovery.  Dkt. No. 26.

Plaintiffs' motion is **GRANTED** as to requests 1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 19, 24, 25, 26, 27, 28, 32, 39, 43, 44, 46, and 47, **GRANTED** as modified as to requests 13, 14, and 31, and **DENIED** as to requests 2, 5, 16, 38, and 42.

Therefore, the Court **ORDERS**:

(1)    as to Requests for Production 1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 19, 24, 25, 26, 27, 28, 32, 39, 43, 44, 46, and 47, the Defendant must (a) produce any documents not already provided and identify to which requests each document, whether already provided or to be provided, is responsive or (b) affirmatively state that there are no responsive documents in the Defendant's possession;

(2)    as to Requests for Production 13 and 14, Defendant must, after redacting information protected by HIIPA, produce any responsive documents not already provided and identify any responsive documents which have

---

[3]Request 3 states: "Please produce all documents relating to or evidencing all amounts paid, advanced, loaned or otherwise provided to each Plaintiff in 2003 and 2004." Dkt. No. 26, Ex. A, at 5. Request 10 states: "Please produce all payroll records that Red Gold, Inc. made or kept concerning any Plaintiff.  This includes but is not limited to: check stubs, canceled checks, wage statements, itemized pay statements and any other document showing the basis on which wages were paid, the number of hours and/or days worked, the total pay period earnings, the specific sums withheld and the purpose of each sum withheld, and the net pay." *Id.*, Ex. A, at 6.

already been produced and to which request they are responsive;

(3)     as to Request for Production 31, Defendant must (a) produce, after redacting all private information related to third persons other than name and contact information, any documents not already provided and identify to which requests each document, whether already provided or to be provided, is responsive or (b) affirmatively state that there are no responsive documents in the Defendant's possession; and

(4)     as to Request for Production 40, Defendant must respond to the request by providing any responsive documents or identifying which documents already provided are responsive to the request, or by affirmatively stating that Defendant has no responsive documents in its possession or control.

Furthermore, if Defendant believes that any information is protected by a privilege, Defendant must provide a privilege log, stating the number of the request objected to, the document claimed to be protected by privilege, and the specific privilege or privileges asserted, pursuant to Federal Rule of Civil Procedure 26(b)(5). *See* McCall v. Lockheed Martin Corp., Civil Action No. 4:04CV122LS, 2006 WL 1686566, *2 (S.D. Miss. June 19, 2006); *Freeport McMoran Sulphur, LLC*, 2004 WL 595236, at *5. All objections, other than privilege, are deemed waived.

Defendant must comply with this Order and produce or identify all responsive documents within 10 days of this Order. *See Benbow*, 2003 WL 22326516, at *3.

Any further relief not specifically granted in this Order is hereby **DENIED**.

DONE at Brownsville, Texas, this 25 day of September, 2006.

Hilda G. Tagle
United States District Judge

-9-